IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SIDNEY HOOTEN,                  )
individually and as an          )
incapacitated person by         )
and through his next            )
friend Nicole Harris,           )     CIVIL ACTION NO.
                                )       2:14cv355-MHT
     Plaintiff,                 )            (WO)
                                )
     v.                         )
                                )
BRIAN KEITH BOYER,              )
et al.,                         )
                                )
     Defendants.                )
```

OPINION AND ORDER

Plaintiff Sidney Hooten brings this action against defendants Brian Keith Boyer, the State of Arkansas, and Arkansas State University (Boyer's employer), claiming that Boyer's negligent, reckless, and wanton conduct caused a car crash in which Hooten sustained severe injuries including brain trauma. This case was removed from state to federal court

based on diversity-of-citizenship jurisdiction. See 28 U.S.C. §§ 1332, 1447.

The cause is before the court on Hooten's motion for remand as well as the State of Arkansas and Arkansas State University's motions to dismiss. For reasons that follow, the remand motion will be granted and the dismissal motions will be left for resolution after remand.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), abrogated on other grounds by, 28 U.S.C. § 1446. A federal court may hear a case only if it is authorized to do so by federal law. Kokkonen, 511 U.S. at 377. The party seeking removal has the burden of establishing it. Burns, 31 F.3d at 1095. The removal statute must be

strictly construed because it raises significant federalism concerns. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court. Burns, 31 F.3d at 1095.


## II. BACKGROUND

This case arises from a car crash on an Alabama road in February 2014 between defendant Boyer and plaintiff Hooten, in which Hooten suffered traumatic brain injury. (While the complaint refers to the defendant as Boyer and Boyers, the court will use "Boyer" for consistency.) Hooten claims that Boyer's negligence, recklessness, and wantonness caused the crash. At the time of the crash, Boyer was employed as a basketball coach for Arkansas State University, a public university in Arkansas, and was travelling

for work.  Hooten is a citizen of Alabama, and Boyer is a citizen of Arkansas.

Hooten sued Boyer in state court in April 2014, and Boyer removed the case to federal court the following month.  In November 2014, Hooten took Boyer's deposition, in which Boyer explained that he was traveling in Alabama as part of a road trip for his basketball team.  In March 2015, three days before the scheduling-order deadline, Hooten moved for leave to file a third amended complaint, which added Arkansas and its university as defendants.  The court granted the motion but provided Boyer time to object.  Boyer did not object, Hooten filed the third amended complaint, and the two new defendants were served in late March 2015.

The State of Arkansas moved to dismiss on an Eleventh Amendment ground, and Hooten followed a day later with a motion to remand.  The university then

4

filed a motion to dismiss the same week. These three motions are now before the court.

## III. DISCUSSION

Hooten moves to remand the case to state court, contending that, because the State of Arkansas and Arkansas State University do not count as citizens for purposes of diversity jurisdiction, there is no longer complete diversity.

28 U.S.C. § 1332 governs diversity-of-citizenship jurisdiction in federal court. It states, in relevant part, that a federal court can have jurisdiction if the amount in controversy is above $ 75,000 and the lawsuit is between "citizens of different states." This diversity must be complete--that is, "the allegations must show that the citizenship of each plaintiff is different from that of each defendant." Algoma Properties, LLC v. Purcell, 2010 WL 3283396, at *1 (M.D. Ala. 2010)

(Thompson, J.) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).  Id.  Although a public entity or political subdivision of a State is a citizen of that State for purposes of diversity jurisdiction, "an arm or alter ego of the State" is not a citizen of that State.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) (internal quotation marks omitted).  A party that is not a citizen of any State destroys complete diversity.  Id.

Both parties agree, with good reason, that adding the State of Arkansas and Arkansas State University destroys complete diversity.  See Am. Tobacco Co., 168 F.3d at 412 (analogizing to Eleventh Amendment analysis to find that a State and its public universities are alter egos of the State and thus not citizens for diversity-of-citizenship purposes).  The State of Arkansas and the university, however, argue

6

that they do not destroy jurisdiction in this case because Hooten joined them as parties after removal.

It is generally the case that, in determining whether the pleadings support removal, "the critical time is the date of removal," Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).  However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447.

"In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved."  Fletcher v. Cooper Tire & Rubber Co., 2013 WL 3854491 (M.D. Ala. 2013) (Thompson, J.). Relying on the so-called Hensgens factors, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking

7

for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989)) (internal quotation marks and citations omitted).

Here, at the time Hooten was allowed to amend his complaint to add Arkansas and its university, Boyer was given an opportunity to object to the allowance, an opportunity during which he could have argued that the amendment should not have been allowed under the Hensgens factors. Boyer did not do so. His contention now that the amendment should not have been allowed comes too late.

Arkansas and its university also argue that the court should not allow the amendment adding them. However, the statute is clear that, once the court permits joinder, the action is to be remanded. An argument could therefore be made that once this court

8

allowed the joinder of Arkansas and its university, it had no choice then, and thus has no choice now, but to remand, that is, that it lacked, and now lacks, jurisdiction to do anything but remand--especially in the face of the federalism directive that removal statutes should be strictly construed in favor of remand. This court need not resolve this issue, for, even if it has the authority to undo the allowance of the amendment, see Bevels, 100 F. Supp. 2d at 1314, it would, in the exercise its discretion, not do so.  First, Arkansas and its university have not only been added as parties, they have been served and have made an appearance. Second, while it can be said with certainty that Eleventh Amendment law would prohibit these two defendants from being sued in this federal court, Am. Tobacco Co., 168 F.3d at 412, and while Alabama law would prohibit the State of Alabama and its universities from being sued in an Alabama state

9

court, Ala. Agr. & Mech. Univ. v. Jones, 895 So. 2d 867, 872-73 (Ala. 2004), Alabama is not bound by federal law to apply immunity in its courts for other States and their universities, Nevada v. Hall, 440 U.S. 410, 426 (1979), nor have Alabama courts always guaranteed such immunity to other States and their universities, see, e.g., Faulkner v. Univ. of Tennessee, 627 So. 2d 362, 366 (Ala. 1992) (declining to extend sovereign immunity to the University of Tennessee).

*\*\*\**

For the foregoing reasons, it is ORDERED that:

(1) Plaintiff Sidney Hooten's motion to remand (doc. no. 31) is granted.

(2) This case is remanded to the Circuit Court of Montgomery County, Alabama.

(3) Defendants State of Arkansas and Arkansas State University's motions to dismiss (doc. nos. 29

10

and 33) are left for resolution after remand.

The clerk the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 23rd day of July, 2015.

                         <u>    /s/ Myron H. Thompson    </u>
                         **UNITED STATES DISTRICT JUDGE**